```
               UNITED STATES DISTRICT COURT
               EASTERN DISTRICT OF LOUISIANA

MANTA RAY OFFSHORE GATHERING           CIVIL ACTION
COMPANY, L.L.C., ET AL.

VERSUS                                 NO: 04-2553

SHELL OFFSHORE, INC., ET AL.           SECTION: "J" (3)
```

**ORDER AND REASONS**

Before the Court are Defendant Enterprise's[1] Motion to Stay (Doc. 148), Defendant Shell's[2] Motion to Compel Arbitration and/or Stay (Docs. 151 & 159), and competing discovery scheduling orders proposed by Shell (Doc. 160) and Plaintiff Marathon Oil Co. ("Marathon") (Doc. 161). Each of these motions is opposed. Having reviewed the record, the memoranda of counsel, and the applicable law, the Court finds that this matter should be stayed, and all parties should be required to arbitrate under the terms of the C&O Agreement.

---

[1] "Enterprise" refers to Enterprise Products Operating, L.P., Enterprise Natural Gas Liquids, LLC, and Enterprise Gas Processing, LLC.

[2] "Shell" refers to Shell Offshore, Inc., into which defendants Shell Deepwater Development, Inc. and Shell Deepwater Production, Inc. have been merged, and Shell Oil Company.

**BACKGROUND**

This case initially involved two separate sets of claims. The first set related to alleged obligations to transport gas through certain pipelines. The Pipeline Claims have been settled and dismissed from this litigation. The second set of claims relates to alleged obligations to commit gas to certain onshore gas processing plants. The Plant Claims are still pending.

Marathon bases the Plant Claims on the Construction and Operation Agreement ("C&O Agreement") of the Neptune Gas Processing Plant in St. Mary Parish, Louisiana. Marathon and Tejas Natural Gas Liquids, L.L.C. ("Tejas") are the only signatories to the C&O Agreement. The C&O Agreement was signed on August 10, 1998. At the time the C&O Agreement was executed, Tejas was owned by Shell. Starting in September of 1999 a series of transactions led to Enterprise acquiring Shell's interest in Tejas. Therefore, the current parties to the C&O Agreement are Marathon and Enterprise. Marathon and Enterprise agree that all of Marathon's claims as pled in the Second Amended Original Complaint are arbitrable under the arbitration provision of the C&O Agreement.

Marathon alleges that Tejas held the right to process gas produced from certain mineral leases, and that in the C&O

Agreement Tejas committed the gas from these leases to processing at the Neptune Gas Plant. The commitment induced Marathon to agree to construct the gas transportation system. Marathon alleges that, although Shell is not a signatory party to the C&O Agreement, it is obligated by that commitment. Marathon relies on "alter ego" and "single business entity" theories and on theories of fraud and conspiracy to commit fraud to identify Shell with Tejas and Enterprise for purposes of liability.

## DISCUSSION

Marathon and Enterprise agree that under the C&O Agreement the claims against Enterprise are subject to arbitration. This Court finds no reason to disagree with the parties' position. Enterprise has moved this Court to stay the case against it to allow arbitration to proceed in Houston, Texas. Under the Federal Arbitration Act ("FAA") this Court "upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action." 9 U.S.C. § 3. Marathon opposes Enterprise's Motion to Stay only to the extent that Marathon seeks to have its suit against Shell remain active and insofar as it would like to force Enterprise to respond to discovery requests for Marathon's claims against Shell. Regarding

the claims against Shell, this Court has the discretion to stay those as well, as a means of controlling its docket, but a stay is not mandated by the Federal Arbitration Act where Shell is not a party to the arbitration agreement. *See Complaint of Hornbeck Offshore (1984) Corp.*, 981 F.2d 752, 755 (5th Cir. 1993).

Recognizing that Marathon's claims against Enterprise will be stayed in this Court while they proceed in arbitration, Shell seeks to compel Marathon to arbitrate the claims against Shell as well. Shell indicates that it is open to either litigating the claims in this Court or arbitrating them in Texas as long as all claims are decided in one forum. Shell fears that inconsistent rulings may result if separate parallel proceedings continue against it and Enterprise. Both Marathon and Enterprise resist Shell's attempts to be included in the arbitration.

The Fifth Circuit applies the equitable estoppel considerations of the "intertwined-claims test" to determine whether a nonsignatory can compel arbitration. *Grigson v. Creative Artists Agency*, 210 F.3d 524, 527 (5th Cir. 2000). There are two separate bases for finding that a claim against a nonsignatory is intertwined with a claim against a signatory. First, where the signatory "must rely on the terms of the written agreement in asserting its claim against the nonsignatory" and

4

second, where the claim alleges "substantially interdependent and concerted misconduct by both the signatory and one or more of the nonsignatories to the contract." *Id.* Where both bases are present, the doctrine is "much more readily applicable." *Id.* Both bases appear to be present here. The majority of Marathon's claims against Shell depend on the C&O Agreement that contains the arbitration clause, and those claims also depend on an "alter ego" theory or a conspiracy theory connecting Shell to Tejas and Enterprise. The Court is convinced that the claims against Shell are sufficiently intertwined with those against Enterprise, that Shell can require Marathon to arbitrate the claims against it, as Marathon must arbitrate the claims against Enterprise.

Enterprise argues that this Court does not have jurisdiction under section 4 of the FAA to compel arbitration in Texas. Section 4 provides that if there is a binding arbitration agreement, a party can seek an order from a federal court compelling arbitration. "The hearing and proceedings, under such an agreement, shall be within the district in which the petition for an order directing arbitration is filed." 9 U.S.C. § 4. Courts generally require that a petition to order arbitration be filed in the district where arbitration must take place, if the agreement dictates a location. In *Dupuy-Busching General v.*

*Ambassador Ins. Co.*, 524 F.2d 1275 (5th Cir. 1975) the Fifth Circuit interpreted the requirements of the FAA less rigidly than most Circuits and allowed a Mississippi district court to compel a party to arbitrate in New Jersey where the Motion to Compel Arbitration was construed as a mandatory counterclaim. The Fifth Circuit has since clarified that a district court has the authority to compel arbitration outside its jurisdiction in circumstances other than those present in *Dupuy-Busching*. *See Mun. Energy Agency of Miss v. Big Rivers Elec. Co.*, 804 F.2d 338, 344-45 (5th Cir. 1986); *Nat'l Iranian Oil Co. v. Ashland Oil, Inc.*, 817 F.2d 326, 331 (5th Cir. 1987); *Purdy v. Montex Int'l Ltd.*, 867 F.2d 1521, 1523 (5th Cir. 1989).

   Here, Marathon filed claims against both Shell and Enterprise in its Second Amended Complaint. It then dismissed the claims against Enterprise without prejudice before Enterprise answered. This Court ordered that Enterprise be re-joined in this action. Following joinder Enterprise moved to stay under the arbitration agreement recognized by Marathon as binding on the claims. Now, Marathon seeks to avoid arbitration with Shell despite the fact that it relies on theories identifying Shell with Enterprise. Where the party seeking to avoid, rather than compel, arbitration has invoked the Court's jurisdiction, the

Court is justified in compelling that party to arbitrate in another jurisdiction. *See Mun. Energy*, 804 F.2d at 345. Enterprise's argument that it cannot be compelled to arbitrate with Shell because it, unlike Marathon, did not invoke this Court's jurisdiction before seeking to avoid arbitration is of no moment. Shell and Enterprise have no claims against each other. This Court is not compelling Enterprise to arbitrate with Shell. Enterprise is required to arbitrate with Marathon, which has asserted claims against it, not with Shell. Although Shell's participation in the arbitration will no doubt affect Enterprise, that is because the claims against the two are so interrelated. That interrelation recommends the claims be resolved in the same proceeding, not separately.

Marathon's argument that Shell has waived its right to compel arbitration by tactical delay or by engaging in the judicial process in this Court is unconvincing. Shell seeks to compel arbitration because it is being identified with Enterprise. After successfully moving to have Enterprise joined as a party, Shell received notice in June 2006 that the claims against Enterprise are to be arbitrated elsewhere while the claims against it continue in this Court. This Court gave Shell a July 7, 2006 deadline by which to file a Motion to Compel

Arbitration, a deadline that Shell met. The Court considers Shell's motion timely and well-supported in fact and in law.

Accordingly,

**IT IS ORDERED** that Enterprise's Motion to Stay (Doc. 148) is **GRANTED**;

**IT IS FURTHER ORDERED** that Shell's Motion to Compel Arbitration (Docs. 151 & 159) is **GRANTED**;

**IT IS FURTHER ORDERED** that Shell's Proposed Docket Control Order (Doc. 160) and Marathon's Motion for Entry of Scheduling Order (Doc. 161) are **DENIED** as moot**;**

**IT IS FURTHER ORDERED** that this case is stayed pending arbitration. The Clerk of Court shall mark this action closed for statistical purposes; and

**IT IS FURTHER ORDERED** that the Court shall retain jurisdiction and that the case shall be restored to the trial docket upon motion of a party if circumstances change, so that it may proceed to final disposition. This order shall not prejudice the rights of the parties to this litigation.

New Orleans, Louisiana this the 7th day of August, 2006.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE